1

2

3                                             **E-FILED on**   4/14/09

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                              SAN JOSE DIVISION

9

10

JOHN DOE,                                   No. C-06-06307 RMW

11          Plaintiff,

12                                          ORDER GRANTING IN PART
                                            DEFENDANTS' MOTION FOR SUMMARY
13      v.                                  JUDGMENT

CITY OF SAN JOSE, *et al*.
14
            Defendants.
15

16          Defendants City of San Jose, Chief Robert Davis, Officer Stephen Donohue, Officer Tony

17  Ruelas and Officer Daniel Guerra (the "San Jose Defendants") move for summary judgment on all

18  claims asserted against them.  Plaintiff, proceeding *pro se*, opposes the motion.  The motion was

19  submitted for decision without oral argument on November 17, 2008.

20          Having considered the papers submitted by the parties, and for good cause appearing, the

21  San Jose Defendants' motion for summary judgment is GRANTED IN PART.[1]

22

23  [1]  The motion is granted only in part because defendants' memorandum of points and authorities
    addresses only <u>some</u> of the causes of action alleged against <u>some</u> of the San Jose defendants, even
24  though the motion itself seeks summary judgment on behalf of all San Jose defendants on all
    asserted claims.  Specifically, defendants have not offered any argument or analysis as to why
25  summary judgment should be entered in their favor on the fourth through sixth causes of action for
    violation of state civil rights laws.  Defendants have not offered any argument or analysis why
26  summary judgment is appropriate in favor of Police Chief Davis.  Defendants have offered no
    argument or analysis directed towards plaintiff's tenth cause of action for the infliction of emotional
27  distress.  And, defendants have offered no analysis or argument to support summary judgment on the
    eleventh cause of action for negligence, except to the limited extent that summary judgment is
28  sought by the City of San Jose for anything other than potential respondeat superior liability.

1

**BACKGROUND**

2

**A.  Facts**

3        Plaintiff filed this action alleging twelve causes of action against the City of San Jose, Police

4   Chief Davis, three San Jose Police Officers, the County of Santa Clara, the Chief of the County's

5   Department of Corrections, and the County Sheriff.  The Second Amended Complaint focuses on

6   two incidents: an October 2005 traffic stop and subsequent arrest by Officers Ruelas and Donohue

7   and with a resulting strip search at the Santa Clara County Jail by county employees, and 2) a

8   September 2006 traffic stop and vehicle impoundment by San Jose Officer Guerra.

9        More specifically, on October 13, 2005, Defendants Ruelas and Donohue initiated a traffic

10   stop involving plaintiff.  It is undisputed that at the time, plaintiff was driving a vehicle with expired

11   registration tags and a cracked windshield and had made lane changes without signaling.  The

12   Officers approached plaintiff's vehicle, and observed him reach behind him and lift up his pelvic

13   area, which the Officers recognized as a possible indication that plaintiff was hiding contraband or

14   reaching for a weapon.  Ruelas Decl. ¶9, Donohue Decl. ¶9.  After monitoring plaintiff's pulse, the

15   officers placed him under arrest for being under the influence of a controlled substance and

16   transported him to the San Jose Police Department Pre-Processing Center.   Ruelas Decl. ¶¶11-12;

17   Donohue Decl. ¶¶10-12.

18        At the Pre-Processing Center, plaintiff refused to submit to a strip search.  He was

19   subsequently transported to the Santa Clara County Main Jail where he was processed.  Ruelas Decl.

20   ¶13; Donohue Decl. ¶13.  The officers advised the County correctional personnel that they believed

21   plaintiff may have concealed contraband on his person.  Donohue Police Report at 5, attached as

22   Exhibit A to Declaration of Donohue.   While at the Santa Clara County Main Jail, County

23   Department of Corrections personnel subjected plaintiff to a strip search and body cavity search,

24   resulting in injuries.  No drugs or contraband were found.

25        On September 12, 2006, defendant Guerra observed plaintiff's vehicle, performed a record

26   check and determined that the registration had been expired for more than a year.  Officer Guerra

27   thereafter caused the vehicle to be towed because of the expired registration, and, before it was

28   towed, conducted an inventory search of the car.  Guerra Decl. ¶¶4-6.

United States District Court
For the Northern District of California

1    In one significant respect, plaintiff's opposition papers offer a different statement of the facts,

2 albeit not in the form of admissible evidence, suggesting that a San Jose Police Sergeant Gonzalez

3 had instructed the arresting officers to return plaintiff to his vehicle after plaintiff refused to consent

4 to a strip search, but that instead of doing so, Officers Ruelas and Donohue transported plaintiff to

5 the County Jail, informed the Department of Corrections personnel that they suspected plaintiff had

6 contraband hidden on his person, and thereby instigated the forcible strip search.  See Opp. at 8.

7    The strip search that allegedly caused plaintiff's physical injuries was conducted by

8 defendants affiliated with Santa Clara County Department of Corrections, not by defendants

9 affiliated with the City of San Jose.  Plaintiff has settled his claims against the County Defendants,

10 and by stipulated order, the claims against those defendants were dismissed with prejudice.  [Docket

11 46]  The only defendants who remain in this case are the San Jose defendants.

12    Plaintiff admitted in his deposition testimony that at no time did the San Jose Police Officers

13 hurt him.  Plaintiff's Depo. at 172:23-173:2; 367:15-18.

14

15   **B.    The Second Amended Complaint**

16   The Second Amended Complaint alleges twelve causes of action:

17   1.    A claim under 42 U.S.C. §1983 against all defendants for violation of plaintiff's

18        Fourth and Fourteenth Amendment rights to be free from unreasonable seizures and

19        excessive and/or arbitrary force without reasonable or probable cause;

20   2.    A claim under 42 U.S.C. §1983 against all defendants for violation of plaintiff's

21        Fourteenth Amendment rights not to be deprived of liberty without due process of

22        law;

23   3.    A claim under 42 U.S.C. §1983 against all defendants  for deprivation of plaintiff's

24        rights to equal protection;

25   4.    A claim under the California constitution against all defendants for violation of

26        plaintiff's right to be free from unreasonable seizures and excessive and/or arbitrary

27        force without reasonable or probable cause;

28

United States District Court
For the Northern District of California

5.   A claim under the California constitution against all defendants for violation of plaintiff's rights not to be deprived of liberty without due process of law;

6.   A claim under the California constitution against all defendants for violation of plaintiff's rights to equal protection;

7.   A claim against Officers Donohue, Ruelas and Guerra for violation of California Civil Code Section 52.1 for interfering by threats, intimidation and coercion with plaintiff's peaceable exercise and enjoyment of rights secured by the state and federal constitutions;

8.   A claim against Officers Donohue, Ruelas and Guerra for violation of California Civil Code Section 51.7 for violating plaintiff's rights to be free from violence, intimidation, or threats of violence committed against him because of his race;

9.   A tort claim against Officers Donohue, Ruelas and Guerra for assault and battery;

10.  A tort claim against Officers Donohue, Ruelas and Guerra for the intentional infliction of emotional distress;

11.  A claim against all defendants for negligence; and,

12.  A claim against the County Defendants for violation of California Penal Code Section 4030, a claim which has been settled and dismissed.

**ANALYSIS**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case and a dispute as to a material fact is "genuine" only if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986). Where a defendant moves for summary judgment on an issue upon which the plaintiff bears the burden of proof at trial, the moving defendant may meet its burden by showing that there is an

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
No. C-06-06307 RMW
TER                                                          4

United States District Court
For the Northern District of California

absence of evidence to support the non-moving party's case, <u>Celotex</u>, 477 U.S. at 325, or by submitting affirmative evidence that disproves an essential element of the plaintiff's claim.  <u>Adickes v. S.H. Kresss & Co.</u>, 398 U.S. 144, 158-160 (1970).

After the moving party has met its burden under Rule 56(c), then the non-moving party has the burden of coming forward with admissible evidence to show that a genuine issue of material fact exists.   Fed. R. Civ. P. 56(e)(2).  If the non-moving party does not do so, then summary judgment is appropriate.  <u>Id.</u>, <u>Celotex</u>, 477 U.S. at 322.

Plaintiff has not satisfied his burden under Rule 56(e) of submitting affidavits or other evidence to set out specific facts showing a genuine issue for trial.  FRCP 56(e)(2).  Although Plaintiff filed a "Declaration of Plaintiff John Doe in support of plaintiff statement of facts before trial" [Docket No. 78] and a document titled "Plaintiff reply to Defendant's motion of summary judgment" [Docket No. 81], neither of these documents constitutes a sworn affidavit or other admissible evidence.  Accordingly, plaintiff has not met his Rule 56 burden of identifying specific facts demonstrating the existence of an actual issue for trial.  He has not demonstrated facts sufficient to show that a jury could reasonably find in his favor on his claims. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  On the record taken as a whole, a reasonable fact finder could not find for plaintiff on the claims, and summary judgment is therefore appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574 (1986).

### 1.    First through Third Causes of Action: Federal Civil Rights Claims (42 U.S.C. §1983):

The defendants first seek summary judgment on the first three causes of action, each of them brought under 42 U.S.C. §1983 for alleged violations of plaintiff's federal civil rights.

### A.  Claims Asserted Against Officers Donohue, Ruelas and Guerra

Officers Donohue, Ruelas and Guerra seek summary judgment on plaintiff's first three causes of action brought under 42 U.S.C. §1983 on the basis of qualified immunity.   These three causes of action allege that plaintiff was subjected to an unreasonable seizure of his person, unreasonable and excessive force in the search of his person, and deprivation of due process and equal protection in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States

United States District Court
For the Northern District of California

1   Constitution. "The doctrine of qualified immunity protects government officials 'from liability for

2   civil damages insofar as their conduct does not violate clearly established statutory or constitutional

3   rights of which a reasonable person would have known.'" <u>Pearson v. Callahan</u>, ___U.S. ___, 129 S.

4   Ct. 808, 815 (2009) (quoting, <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982)). "Qualified immunity

5   balances two important interests-the need to hold public officials accountable when they exercise

6   power irresponsibly and the need to shield officials from harassment, distraction, and liability when

7   they perform their duties reasonably.  The protection of qualified immunity applies regardless of

8   whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on

9   mixed questions of law and fact."  <u>Id.</u>, citing <u>Groh v. Ramirez</u>, 540 U.S. 551, 567 (2004) (J.

10  Kennedy, dissenting).

11       To determine whether a defendant is entitled to qualified immunity, the court must first

12  consider whether the facts, taken in a light most favorable to plaintiff, show that the officer's conduct

13  violated a constitutional right.  <u>Saucier v. Katz</u>, 533 U.S.194, 201 (2001).  If no right was violated,

14  then the inquiry ends and the officers have immunity from suit.  On the other hand, if the facts

15  construed in a light most favorable to the plaintiff show that the officer's conduct did violate a

16  constitutional right, then a second step in the analysis is to determine whether the right the official is

17  alleged to have violated was clearly established such that it would be clear to a reasonable officer

18  that his or her conduct was unlawful in the situation confronted.  <u>Id.</u>  at 202.  In this case, under

19  either prong of the analysis, summary judgment is appropriate.  Under the undisputed facts set forth

20  above, even read most favorably towards plaintiff, neither Officer Ruelas, Officer Donohue, nor

21  Officer Guerra could be found to have violated plaintiff's constitutional rights.

22       Plaintiff has failed to submit evidence sufficient to establish that Officers Donohue and

23  Ruelas did not act reasonably, or have sufficient basis to: 1) initiate the stop of plaintiff's vehicle on

24  October 13, 2005, conduct a limited search, and 2) place plaintiff under arrest for driving under the

25  influence of alcohol or drugs.  Plaintiff has similarly failed to submit evidence sufficient to establish

26  that Officer Guerra did not have a sufficient basis to initiate the stop of plaintiff's vehicle on

27  September 12, 2006 and to subsequently have the vehicle towed.  Plaintiff has not submitted any

28  evidence sufficient for a jury to find in his favor that his due process or equal protection rights were

violated by the San Jose defendants in either incident.  Accordingly, Officers Donohue, Ruelas and

Guerra are entitled to summary judgment on the first three causes of action brought under 42 U.S.C.

§1983.

### B.  Claims Asserted Against the City of San Jose and Police Chief Davis

Defendants City of San Jose and San Jose Police Chief Robert Davis also seek summary

judgment on the first three causes of action.  Specifically, the City argues that it cannot be held

liable under Section 1983 under a theory or respondeat superior.  Oklahoma v. Tuttle, 471 U.S. 808

(1985); Pembaur v. Cincinnati, 475 U.S. 469 (1986).  A plaintiff seeking to hold a municipality

liable under Section 1983 must identify a policy or custom that caused the alleged injury.  Board of

County Commissioners v. Brown, 520 U.S. 397, 403 (1997).

City argues that it cannot be held liable under Section 1983 because there is no evidence: 1)

that the City had a policy or custom which allows for the existence of any unconstitutional

misconduct by its police officers; 2) that the City's policy-making officials were intentionally

indifferent to any alleged unconstitutional misconduct or that they tacitly authorized any allegedly

unconstitutional misconduct; or 3) that the City had some policy or custom that actually caused the

alleged constitutional deprivations.  Mem. in Support at 11-13, citing case law, including Monell v.

Department of Social Services, 436 U.S. 658 (1978).  City further argues that plaintiff "will be

unable to offer any evidence to support a finding that the City has a policy or custom which allows it

police officers to violate people's constitutional rights," and thus summary judgment in defendants'

favor is appropriate.  Mem. in Support at 14.

As noted above, plaintiff has failed to submit evidence sufficient to establish that defendant

City of San Jose could be held liable to him under 42 U.S.C. §1983.  Accordingly, it is appropriate

to grant summary judgment to the City of San Jose on the first three causes of action.

Defendants have not directly addressed why Chief Davis is also entitled to summary

judgment on plaintiff's Section 1983 claims.  From a review of the second amended complaint, Chief

Davis' presence in the lawsuit is based solely upon his role a the policy-maker for the City of San

Jose on the matters alleged in the complaint.  SAC ¶13.  Accordingly, having found it appropriate to

United States District Court
For the Northern District of California

1    grant summary judgment to the City of San Jose on the Section 1983 claims, it is also appropriate to

2    grant summary judgment to Chief Davis on these same claims.

3       **2.    Fourth through Sixth Causes of Action: State Civil Rights Violations (Excessive**

4            **Force, Deprivation of Due Process and Lack of Equal Protection)**

5        Plaintiff's fourth, fifth and sixth causes of action allege state civil rights claims which parallel

6    the federal civil rights violations asserted in the first three causes of action.  Although defendants'

7    motion, and to some degree its brief in support of the motion, indicate an intent to seek summary

8    judgment on these state law civil rights claims, defendants offer no argument or analysis with regard

9    to why summary judgment is appropriate on the state law civil rights claims.  Accordingly, the

10   motion for summary judgment on the fourth through sixth causes of action is denied without

11   prejudice.

12      **3.    Seventh Cause of Action: Violation of California Civil Code Section 52.1**

13       Plaintiff's seventh cause of action is for violation of California Civil Code Section 52.1 and is

14   asserted only against Officers Donahue, Ruelas and Guerra.  Section 52.1(b) authorizes any person

15   to bring an action for damages for interference with or attempted interference with his exercise or

16   enjoyment of rights secured by the state or federal constitution, or by state or federal law.  To obtain

17   relief under this statute, a plaintiff must allege and prove that a defendant tried to, or did, prevent

18   plaintiff from doing something that he had the right to do under the law, or to force plaintiff to do

19   something that he was not required to do under the law.  Austin B. V. Escondido Union High School

20   Dist., 149 Cal.App.4th 860, 883 (2007).

21       Officers Donohue, Ruelas and Guerra seek summary judgment arguing that "Plaintiff's

22   seventh cause of action fails to identify with any specificity which constitutional right was allegedly

23   interfered with here.  Because he will be unable to produce any evidence to demonstrate such

24   interference, his seventh cause of action must be dismissed."  Mem. in Support at 14.  Although not

25   a model of clarity, defendants have met their burden on summary judgment of asserting that there is

26   an absence of evidence to support the plaintiff's claim.  Having done so, the burden is on plaintiff to

27   come forward with admissible evidence to show that a genuine issue of material fact exists.  Fed. R.

28

1    Civ. P. 56(e)(2).  Plaintiff failed to do so, and accordingly, summary judgment is appropriate.  Id.,

2    Celotex, 477 U.S. at 322.

3            **4.        Eighth Cause of Action: Violation of California Civil Code Section 51.7**

4            Plaintiff's eighth cause of action is for violation of the Unruh Civil Rights Act, California

5    Civil Code Section 51.7.  It, too, is asserted only against Officers Donohue, Ruelas and Guerra.

6    Defendants seek summary judgment on the basis that California Government Code Section 821.6

7    provides immunity under state law for any injury caused by police officers in the course of the

8    performance of their duties.  Motion at 15.  Under Section 821.6 "a public employee is not liable for

9    injury cased by his instituting or prosecuting any judicial or administrative proceeding within the

10   scope of his employment, even if he acts maliciously and without probable cause."  This immunity

11   extends to acts taken by police officers in the course of investigations.  Amylou R. v. County of

12   Riverside, 28 Cal.App.4th 1205, 1210 (1994) (citing case law).   The second amended complaint

13   alleges that each defendant acted within the course and scope of his employment.  SAC ¶18.  The

14   undisputed facts show the same: each officer defendant was acting in the course of his official

15   duties.  Thus, the state law immunity attaches and summary judgment is appropriate.[2]

16           **5.        Ninth Cause of Action: Assault and Battery**

17           Plaintiff's ninth cause of action is for assault and battery and is alleged only against Officers

18   Donohue, Ruelas and Guerra.  Defendants seek summary judgment on the basis that plaintiff cannot

19   establish that any force used against him by these defendants was unreasonable.  Edson v. City of

20   Anaheim. 63 Cal.App.4th 1269, 1273 (1998) (a prima facie battery is not established unless plaintiff

21   establishes that unreasonable force was used).  The heart of plaintiff's allegations center on the strip

22   search conducted by the County Department of Corrections Officers and the resulting injuries that

23   plaintiff alleges he suffered.  Yet, plaintiff settled his claims against the county defendants and there

24   is no genuine dispute of material fact that any remaining defendant was directly involved in the

25   force used against plaintiff in the course of the strip search.  Plaintiff admitted in deposition that he

26

27   ─────────────────────

28   [2]  It may very well be that this same immunity would shield the officer defendants from other state
     law claims asserted by plaintiff, but the parties have not briefed this issue.  Accordingly, the court
     does not reach it here.

1   was never physically harmed by Officer Ruelas or Officer Donohue and that he was never touched

2   by Officer Guerra.  Plaintiff's Depo at 172:23-173:2; 367:15-18.  Based on these admissions,

3   summary judgment in favor of defendants on the assault and battery claim is warranted.

4        **6.**    **Tenth Cause of Action: Infliction of Emotional Distress**

5       Plaintiff's tenth cause of action seeks to recover for the alleged intentional infliction of

6   emotional distress and is asserted only against Officers Donohue, Ruelas and Guerra.  Defendants'

7   supporting papers, however, offer no argument or analysis with regard to why summary judgment is

8   appropriate on the tenth cause of action.  Accordingly, the motion is denied without prejudice.

9        **7.**    **Eleventh Cause of Action: Negligence**

10      Plaintiff's eleventh cause of action is for negligence and is asserted against all defendants.  In

11  seeking summary judgment, defendants focus only on the negligence claim as it is alleged against

12  the City of San Jose, and only to the extent that the cause of action seeks to impose liability other

13  than through the doctrine of respondeat superior liability.  Specifically, defendants argue that as a

14  public entity, the City of San Jose cannot be liable for negligence because Government Code §815

15  precludes public entity liability excepts as otherwise provided by statute.  Mem. in Support at 18.

16  The City concedes, however, that it may be held liable for negligence under respondeat superior, and

17  seeks summary judgment on the eleventh cause of action only "to the extent that the eleventh cause

18  of action alleges anything other than potential *respondeat superior* liability for negligent conduct

19  which may be found on the part of any of the defendant officers." Id. at 19.  Defendants do not

20  address whether defendants Chief Davis, or Officers Ruelas, Donohue and Guerra, should be granted

21  summary judgment on the negligence claim.  The court agrees that the City's liability is limited by

22  statute, but the City may be liable under a respondeat superior theory.  Accordingly, it is not

23  appropriate to grant summary judgment in favor of the City on this claim, and the motion is denied

24  without prejudice.

25                                       **ORDER**

26      For the foregoing reasons, it is hereby ordered that:

27      1.  Defendants' motion for summary judgment is GRANTED on plaintiff's first, second and

28  third causes of action;

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   2.  Defendants' motion for summary judgment is DENIED without prejudice on plaintiff's

2  fourth, fifth and sixth causes of action;

3   3.  Defendants' motion for summary judgment is GRANTED on plaintiff's seventh cause of

4  action;

5   4.  Defendants' motion for summary judgment is GRANTED on plaintiff's eighth cause of

6  action;

7   5.  Defendants' motion for summary judgment is GRANTED on plaintiff's ninth cause of

8  action;

9   6.  Defendants' motion for summary judgment is DENIED without prejudice on plaintiff's

10  tenth cause of action; and

11   7.  Defendants' motion for summary judgment is DENIED without prejudice on plaintiff's

12  eleventh cause of action although the court agrees that the City's liability is limited to that provided

13  by statute.

14   This case is presently set for a pretrial conference to be held on May 7, 2009 at 2:00 p.m.,

15  and for jury trial on May 11, 2009 at 1:30 p.m.  Based on the court's review of the papers on the

16  present motion and various pretrial materials that have already been submitted by the parties, the

17  court is not convinced that this case will be ready to proceed to jury trial on May 11, as presently

18  scheduled.  There are several issues left unaddressed by defendants' motion for summary judgment

19  that, when briefed and presented to the court, may make trial on this matter unnecessary, such as the

20  extent to which the claims against Chief Davis should be dismissed, the extent to which state law

21  immunity may protect the defendant officers from liability on the other asserted state law claims,

22  and the extent to which summary judgment may or may not be appropriate on all remaining causes

23  of action.  The court suggests that the parties meet and confer about whether trial should be

24  postponed pending further motion practice.

26  DATED:   4/14/09

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
No. C-06-06307 RMW
TER                                             11

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Defendants:**

3  Clifford S. Greenberg          cao.main@sanjoseca.gov

4  Michael J. Dodson              cao.main@sanjoseca.gov

5  Nkia Desiree Richardson        cao.main@sanjoseca.gov

6

7  Counsel are responsible for distributing copies of this document to co-counsel that have not
8  registered for e-filing under the court's CM/ECF program.

9  **Notice of this document has been mailed to:**

10

11 **Plaintiff:**

12 Larry Lundy
13 1071 Culloden Court
   San Jose, CA 95121
14

15 and

16 Larry Lundy
17 Mother Olson's Inn
18 202 S. 11th Street
   San Jose, CA 95112
19

20

21 **Dated:**   4/14/09                          _____ TER _____
22                                              **Chambers of Judge Whyte**

23

24

25

26

27

28

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
No. C-06-06307 RMW
TER                                    12