**United States District Court**
For the Northern District of California

1

2

3                                                          **E-FILED on** ___7/28/09_____

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                            SAN JOSE DIVISION

9

10

11   JOHN DOE,                                No. C-06-06307 RMW

12          Plaintiff,                        ORDER GRANTING DEFENDANTS'
                                              MOTION FOR SUMMARY JUDGMENT
         v.                                   AND DENYING PLAINTIFF'S MOTION
13                                            FOR SUMMARY JUDGMENT
     CITY OF SAN JOSE, *et al*.
14
            Defendants.
15

16          On July 17, 2009, the court heard the second motion for summary judgment by defendants

17   City of San Jose, Chief Robert Davis, Officer Stephen Donohue, Officer Tony Ruelas and Officer

18   Daniel Guerra (the "San Jose Defendants") and the motion for summary judgment by plaintiff Larry

19   Lundy.  In a single pleading, plaintiff both opposes the San Jose Defendants' motion for summary

20   judgment and affirmatively seeks summary judgment on the remaining causes of action not disposed

21   of by the court's April 14, 2009 order.  Having considered the papers submitted by the parties and

22   the arguments made at oral argument, and for good cause appearing for the reasons set forth below,

23   the San Jose Defendants' motion for summary judgment is granted and plaintiff's motion is denied.

24                                   **BACKGROUND**

25          The factual background is set forth in the court's April 14, 2009 order granting in part

26   defendants' motion for summary judgment.  In brief, this action arises out of an October 13, 2005

27   arrest of plaintiff by the San Jose Police, a subsequent strip search conducted by the Santa Clara

28

1    County Sheriffs, and a subsequent traffic stop nearly a year later.

2         The strip search that allegedly caused plaintiff's physical injuries was conducted by

3    defendants affiliated with Santa Clara County Department of Corrections, not by defendants

4    affiliated with the City of San Jose.  Plaintiff settled his claims against the County Defendants,

5    however, and by stipulated order the claims against those defendants were dismissed with prejudice.

6    [Docket 46]  The only defendants who remain in this case are the San Jose defendants.

7         On April 14, 2009, the court granted in part the San Jose defendants' motion for summary

8    judgment.  Following issuance of that order, the claims that remained in the case were the following

9    causes of action:

10        •    Fourth Cause of Action under the California constitution against all defendants for

11             violation of plaintiff's right to be free from unreasonable seizures and excessive

12             and/or arbitrary force without reasonable or probable cause;

13        •    Fifth Cause of Action under the California constitution against all defendants for

14             violation of plaintiff's rights not to be deprived of liberty without due process of law;

15        •    Sixth Cause of Action under the California constitution against all defendants for

16             violation of plaintiff's rights to equal protection;

17        •    Tenth Cause of Action against Officers Donohue, Ruelas and Guerra for the

18             intentional infliction of emotional distress; and

19        •    Eleventh Cause of Action for against all defendants for negligence.

20   Plaintiff and defendants all seek summary judgment on these remaining claims.

21                                        **ANALYSIS**

22        Summary judgment is proper where the pleadings, discovery, and affidavits show that there

23   is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

24   law.  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case and a

25   dispute as to a material fact is "genuine" only if there is sufficient evidence for a reasonable trier of

26   fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

27   (1986).  The moving party has the burden to demonstrate that no genuine issue of material fact exists

28

United States District Court
For the Northern District of California

1  and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321

2  (1986). Where a defendant moves for summary judgment on an issue upon which the plaintiff bears

3  the burden of proof at trial, the moving defendant may meet its burden by showing that there is an

4  absence of evidence to support the non-moving party's case, *Celotex*, 477 U.S. at 325, or by

5  submitting affirmative evidence that disproves an essential element of the plaintiff's claim. *Adickes*

6  *v. S.H. Kress & Co.*, 398 U.S. 144, 158-160 (1970).

7        After the moving party has met its burden under Rule 56(c), then the non-moving party has

8  the burden of coming forward with admissible evidence to show that a genuine issue of material fact

9  exists. Fed. R. Civ. P. 56(e)(2). If the non-moving party does not do so, then summary judgment is

10  appropriate. *Id.*, *Celotex*, 477 U.S. at 322.

11        Defendants have offered the declarations of Officers Ruelas, Donohue and Guerra, as well as

12  excerpts of plaintiff's deposition testimony. Plaintiff, too, has offered a declaration, attached to his

13  memorandum of points and authorities. Plaintiff's declaration, however, does not raise any genuine

14  issue of material fact sufficient to enable a trier of fact to rule in his favor. His declaration focuses

15  primarily on the injuries he received at the hands of the County employees during the strip search

16  that was conducted, but his claims against the County and the County-related defendants were

17  settled. His declaration does not raise any triable issue of fact that the San Jose Defendants are

18  liable for the injuries he suffered while in the custody of the County.[1] Thus, plaintiff has failed to

19  satisfy his burden under Rule 56(e) of identifying specific facts demonstrating the existence of an

20  actual issue for trial and has not demonstrated facts sufficient to show that a jury could reasonably

21  find in his favor on his claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). On the record

22  taken as a whole, a reasonable fact finder could not find for plaintiff on the remaining claims and

23

24    [1] Plaintiff's declaration contains a conclusory statement that Officer Ruelas "pulled me (with
    excessive force) from the back seat" of the patrol car. This conclusory statement is not sufficient to

25  raise a genuine issue of material fact, especially when contradicted by his deposition testimony that
    none of the San Jose Defendants had injured him. Additionally, at the hearing, plaintiff asserted that

26  the San Jose defendants were responsible for the injuries to his legs and hands that he received while
    in custody of the County defendants, because the San Jose defendants did not remove the shackles

27  and handcuff restraints when they turned him over to the County defendants. This assertion does not
    provide a legal basis for holding the San Jose Defendants liable for injuries sustained at the hands of

28  the County defendants.

1    summary judgment is therefore appropriate.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.

2    574 (1986).

3         **2.    Fourth through Sixth Causes of Action: State Civil Rights Violations (Excessive Force, Deprivation of Due Process and Lack of Equal Protection)**

4         Plaintiff's fourth, fifth and sixth causes of action allege state civil rights claims which parallel

5    the federal civil rights violations asserted in the first three causes of action and as to which summary

6    judgment was previously granted in defendants' favor.  The San Jose Defendants' present motion

7    now seeks summary judgment on these state law civil rights claims.

8              A.  Fourth Cause of Action: Excessive Force and Unreasonable Seizure

9         Defendants seek summary judgment on the claim for excessive force on the ground that

10   plaintiff has not established that the force used against him by the San Jose defendants was

11   objectively unreasonable in any way.  *Edson v. City of Anaheim*, 63 Cal.App.4th 1269 (1998).

12   Plaintiff admitted in his deposition testimony that at no time did the San Jose Police Officers hurt

13   him.  Plaintiff's Depo. at 172:23-173:2; 367:15-18.  Plaintiff's declaration does contain a conclusory

14   statement that Officer Ruelas "pulled me (with excessive force) from the back seat" of the patrol car,

15   but this is insufficient to overcome the effect of his deposition admissions or to establish that any of

16   the San Jose Defendants used excessive force against him.

17        Defendants also seek summary judgment on the claim for unreasonable seizure.  Defendants

18   offer evidence through the declarations of Officers Ruelas, Donohue and Guerra that they had

19   probable cause for the traffic stops, for the detention of plaintiff, and for the towing of his vehicle.

20   Plaintiff offers no admissible evidence in opposition, has failed to raise a genuine issue of material

21   fact and has not come forward with sufficient evidence from which a trier of fact could reasonably

22   find in his favor.

23        Accordingly, the San Jose Defendants' motion for summary judgment on plaintiff's fourth

24   cause of action is granted and plaintiff's motion is denied.

25

26

27

28

1

2

   B.   Fifth Cause of Action: Deprivation of Liberty or Property without Due
          Process

3     The San Jose Defendants also seek summary judgment on plaintiff's fifth cause of action for

4  deprivation of liberty or property without due process under Article 1, Section 7(a) of the California

5  constitution.  The defendants correctly note that the court previously granted summary judgment on

6  the second cause of action, which was a parallel claim for violation of due process under the federal

7  constitution, and cite a United States Supreme Court case addressing the due process rights under

8  the Fourteenth Amendment of the United States constitution.  *County of Sacramento v. Lewis*, 523

9  U.S. 833 (1998).[2]

10    Plaintiff, in turn, has not raised any genuine issue of material fact that he was deprived of a

11  liberty or property interest in violation of the state constitution.  The uncontested declarations of the

12  officer defendants adequately establish that they acted with probable cause, and the court has

13  granted summary judgment on the state and federal constitutional claims for unlawful seizure which

14  underlie the due process claim.  Accordingly, the San Jose Defendants' motion for summary

15  judgment on plaintiff's fifth cause of action is granted and plaintiff's motion is denied.

16    C.   Sixth Cause of Action for Violation of Equal Protection Rights

17    Article 1, Section 7(a) of the California constitution provides that a person may not be denied

18  equal protection of the laws.  The California Supreme Court has noted that in order to establish a

19  claim under the equal protection clause, the plaintiff must demonstrate that "the state has adopted a

20  classification that affects two or more similarly situated groups in an unequal manner."  *Cooley v.*

21  *Superior Court*, 20 Cal.4th 228, 253 (2002).  Here, the San Jose defendants correctly argue that

22  plaintiff has failed to establish any factual basis for an equal protection claim.  Accordingly, the San

23  Jose Defendants' motion for summary judgment on plaintiff's sixth cause of action is granted and

24  plaintiff's motion is denied.

25

26

27  _____

[2] The San Jose Defendants have not, however, cited any authority that the due process rights under the California constitution are co-extensive with those secured by the federal constitution.

28

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
No. C-06-06307 RMW
TER

United States District Court
For the Northern District of California

2.     **Tenth Cause of Action: Intentional Infliction of Emotional Distress**

The San Jose Defendants seek summary judgment on the tenth cause of action for the intentional infliction of emotional distress on the ground that it is "derivative of [plaintiff's] assault and battery claim, which was dismissed after this Court found that 'Plaintiff cannot establish that any force used against him by [the City] defendants was unreasonable." Motion at 8.  Secondarily, defendants contend that there is no evidence that the San Jose Defendants acted outrageously, an essential element to a claim for the intentional infliction of emotional distress. *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991).

Plaintiff has failed to come forward with admissible evidence to establish any outrageous conduct on the part of any of the San Jose Defendants sufficient to allow a jury to rule in his favor on a claim for the intentional infliction of emotional distress.  Accordingly, the San Jose Defendants' motion for summary judgment on plaintiff's tenth cause of action is granted and plaintiff's motion is denied.

3.     **Eleventh Cause of Action: Negligence**

Plaintiff's eleventh cause of action is for negligence and is asserted against all defendants.  In the defendants' prior motion, the City of San Jose sought summary judgment on the negligence claim but only to the extent that the cause of action sought to impose liability on the City other than through the doctrine of respondeat superior liability.  The San Jose Defendants now seek summary judgment on behalf of the City as well as the officer defendants.

Government Code Section 815(a) precludes a public entity from liability for an injury except as otherwise provided by statute.  Defendants argue that no such statute imposes direct liability on a public entity for the negligence asserted here, and that the City of San Jose is therefore entitled to summary judgment.

Similarly, the individual San Jose Defendants seek summary judgment on the basis that they did not proximately cause plaintiff's claimed injuries.  In order to recover for negligence, a plaintiff must prove the existence of a legal duty to use due care, breach of that duty, and damages proximately caused by the breach. *Inhgam v. Luxor Cab Co.*, 93 Cal.App.4th 1045, 1049 (2001).

1   Plaintiff's physical injuries arose from the strip search conducted by the County defendants, not by

2   the San Jose Defendants.  The San Jose defendants argue that there is no evidence that any of them

3   were involved in inflicting the force used against plaintiff during the strip search and that they are

4   not liable for the unforeseeable acts of the County personnel.

5          The court agrees.  While there is evidence to suggest that one or more of the San Jose

6   Defendants had knowledge that a strip search of plaintiff would be conducted by the County

7   personnel in processing plaintiff, there is no evidence that the manner of the search, the force used,

8   or that such force was likely to inflict physical injuries upon the plaintiff was foreseeable to the San

9   Jose Defendants.  Accordingly, the San Jose Defendants cannot be held liable, under negligence, for

10  the injuries inflicted upon the plaintiff by employees of Santa Clara County.

11         Accordingly, the San Jose Defendants' motion for summary judgment on plaintiff's eleventh

12  cause of action is granted and plaintiff's motion is denied.

13                                                **ORDER**

14         For the foregoing reasons, it is hereby ordered that:

15         1.  The San Jose Defendants' motion for summary judgment is GRANTED on plaintiff's

16  fourth, fifth and sixth causes of action;

17         2.  The San Jose Defendants' motion for summary judgment is GRANTED on plaintiff's tenth

18  cause of action;

19         3.  The San Jose Defendants' motion for summary judgment is GRANTED on plaintiff's

20  eleventh cause of action; and

21         4.  Plaintiff's motion for summary judgment is DENIED.

22

23   DATED:   7/27/09                              *Ronald M Whyte*

24                                                _____
                                                  RONALD M. WHYTE
25                                                United States District Judge

26

27

28

United States District Court
For the Northern District of California

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
No. C-06-06307 RMW
TER                                                    7

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Defendants:**

3    Clifford S. Greenberg       cao.main@sanjoseca.gov

4    Michael J. Dodson         cao.main@sanjoseca.gov

5    Nkia Desiree Richardson     cao.main@sanjoseca.gov

6

7

8    Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

9

10    **Notice of this document has been mailed to:**

11    **Plaintiff:**

12    Larry Lundy

13    1071 Culloden Court

     San Jose, CA 95121

14

15    and

16    Larry Lundy

17    Mother Olson's Inn

18    202 S. 11th Street

     San Jose, CA 95112

19

20

21    **Dated:**    7/28/09                             TER

22                                                    **Chambers of Judge Whyte**

23

24

25

26

27

28

*United States District Court*
*For the Northern District of California*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
No. C-06-06307 RMW
TER